José Ruiz Sevilla, Plaintiff and Appellant, v. Angel Umpierre, Defendant and Appellee.

No. 6157. Argued May 24, 1933.—Decided July 19, 1933.

R. Rivera Zayas for appellant. Celestino Iriarte and F. Fernández Cuyar for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

José Ruiz Sevilla, as landlord, made a contract of lease with Angel Umpierre. Umpierre was to pay $125 a month and the taxes. The contract of lease also contained the clause, ''The party who fails to comply with this contract will indemnify the other party in the amount of not less than $500.'' The complaint in this case was filed to recover

the rent for June, July, and part of August, amounting to $349.84 and the taxes, amounting to $168.80, and also to recover the penalty of $500. The district court rendered judgment for the plaintiff in the amount of $518.64, the rent and the taxes, but refused to render judgment for the penalty of $500.

What happened in this case was that on the property leased a house was destroyed by fire and not restored by the lessor. In construing the lease the court, as one of its reasons for refusing to impose the penalty, held that each of the parties had failed to comply with the terms of the contract. We can not quite see how the lessor failed to comply with the lease when, under the law, he is under no obligation to do any other thing than repair. He is not bound to rebuild the house.

Be that as it may, we agree with the appellee that the judgment should be affirmed by reason of sections 1120 and 1121 of the Civil Code, old edition, as follows:

"Section 1120.—In obligations with a penal clause the penalty shall substitute indemnity for damages and the payment of interest in case of nonfulfillments, should there be no agreement to the contrary.

"This penalty can only be enforced when it is demandable in accordance with the provisions of this Code.

"Section 1121.—The debtor can not exempt himself from the fulfillment of the obligation by paying the penalty, unless such right has been expressly reserved to him. Neither may the creditor exact the fulfilment of the obligation and also the payment of the penalty, unless such right has been clearly granted to him."

While it is true that these sections point rather to the right of the lessor to elect the penalty rather than the damages, nevertheless, section 1121 at its end makes it clear that an election must be made by a party in whose favor a penalty exists. When section 1121 says that the creditor may not exact jointly the obligation and the penalty unless this power has been clearly granted, the code means to say unless the contract specifies that both the penalty and the damages have

been agreed upon and specified as recoverable in the contract between the parties. This reasoning is supported by 8 Manresa 238.

In this case the plaintiff attempted to recover both the penalty and the amount of the rents and taxes, and under the provisions of the Civil Code should be limited to the recovery actually had.

The appellant also complains of the failure to impose costs, but the ordinary rule of this court is generally not to go against the discretion of the court below where an independent amount has been demanded by plaintiff, to which he had no right.

The judgment appealed from will be affirmed.